**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4303

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNIE DURAND BLOUNT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-340)

Submitted:  October 28, 2005        Decided:  November 14, 2005

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan S. Gasser, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Vernie Durand Blount appeals from his 204-month sentence imposed following his guilty plea to knowing possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a), and 924(e) (2000), and possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a), (b)(1)(A) (2000). Blount contends that the sentencing enhancement he received for being an armed career offender is precluded by the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

Blount's claim is foreclosed by United States v. Collins, 412 F.3d 515, 520-23 (4th Cir. 2005), in which we held that a defendant's Sixth Amendment right to trial by jury was not violated by the district court's reliance on his prior convictions for purposes of sentencing as career offender. See United States v. Cheek, 415 F.3d 349, 350 (4th Cir.) (holding similarly in the context of the Armed Career Criminal Act), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 3, 2005) (No. 05-6904). Moreover, Blount does not challenge any facts regarding the prior convictions, and he does not dispute the factual basis for the district court's conclusion that he was a career offender. Accordingly, Blount's assertion that his sentence violated the

Sixth Amendment is without merit.  See Collins, 412 F.3d at 523 (holding that when defendant did not dispute any facts supporting career offender status, there is no constitutional violation in relying on defendant's prior convictions).

Accordingly, we affirm Blount's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED